IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| MONTRELLE L. TEASLEY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 116-011 |
| | ) | |
| ERIC SELLERS, Warden, | ) | |
| Hancock State Prison, | ) | |
| | ) | |
| Respondent. | ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Petitioner brings the above-captioned case pursuant to 28 U.S.C. § 2254, and seeks permission to proceed *in forma pauperis* ("IFP"). This case is before the Court for initial review pursuant to Rule 4 of the Rules Governing Section 2254 Cases. The Court **REPORTS** and **RECOMMENDS** that Petitioner's motion to proceed IFP be **DENIED AS MOOT**, (doc. no. 2), that his petition be **DISMISSED** without prejudice, and that this civil action be **CLOSED**.

**I.   BACKGROUND**

On August 28, 2008, Petitioner pleaded guilty in the Superior Court of Richmond County to one count of burglary, two counts of kidnapping, one count of aggravated assault, three counts of possession of a firearm during the commission of a crime, and one count of

armed robbery.¹ (Doc. no. 1, p. 1.) He was sentenced to twenty years of imprisonment, followed by fifteen years of probation. (Id.) Petitioner did not file an appeal. On July 22, 2014, Petitioner filed a motion to modify his sentence in the trial court, but that request was denied on July 24, 2014. (Id. at 4.) In August 2015, Petitioner filed a motion in the trial court requesting permission to file an out-of-time appeal, but that motion was denied on August 11, 2015. (Id. at 4-5.)

Petitioner then moved on to the state habeas court. He filed a petition for a writ of habeas corpus in the Superior Court of Hancock County on December 4, 2015, raising the same four grounds for relief he now raises in this federal habeas corpus petition: (1) violation of false imprisonment; (2) violation of the fourteenth amendment; (3) ineffective assistance of trial counsel; and (4) failing to follow constitutional rules / improper judgment. (Id. at 3, 5-10, 12.) The state habeas court has not yet ruled on the petition. (Id. at 12.)

Petitioner dated his current federal petition January 10 and January 11, 2016, and originally filed it in the Middle District of Georgia. (Id. at 15.) United States District Judge C. Ashley Royal transferred the petition to this District on February 2, 2016. (Doc. no. 6.)

---

¹The docket for Petitioner's underlying criminal proceeding is available online. State v. Teasley, Case No. 2008RCCR00109 (Richmond County Superior Court Jan. 22, 2008), *available at* http://coc.augustaga.gov (follow "Criminal Search" hyperlink; then search for Case No. 2008RCCR00109, last visited Feb. 11, 2016).

## II. DISCUSSION

### A. The Exhaustion Requirement.

Under the Anti-Terrorism and Effective Death Penalty Act of 1996, ("AEDPA"), and in accordance with the traditional exhaustion requirement, an application for a writ of habeas corpus shall not be granted unless it appears that the petitioner has exhausted the remedies available to him by any state court procedure. See 28 U.S.C. §§ 2254(b)(1)(A) & (c). "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by *any* available procedure, the question presented." Id. § 2254(c) (emphasis added). A state inmate is deemed to have exhausted his state judicial remedies when he has given the state courts, or they have otherwise had, a fair opportunity to address the state inmate's federal claims. Castille v. Peoples, 489 U.S. 346, 351 (1989). "In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999).

A state prisoner seeking federal habeas relief cannot raise a federal constitutional claim in federal court unless he first properly raised the issue in the state courts." Henderson v. Campbell, 353 F.3d 880, 891 (11th Cir. 2003). The exhaustion requirement applies with equal force to all constitutional claims. See Lucas v. Sec'y, Dep't of Corr., 682 F.3d 1342, 1353-54 (11th Cir. 2012); see also Footman v. Singletary, 978 F.2d 1207, 1211 (11th Cir. 1992). "Ultimately, 'to exhaust state remedies fully[,] the petitioner must make the state court aware that the claims asserted present federal constitutional issues.'" Preston v. Sec'y, Fla. Dep't of Corr., 785 F.3d 449, 457 (11th Cir. 2015) (citation omitted).

"Generally, when a petitioner has failed to exhaust state remedies, the district court should dismiss the petition without prejudice to allow exhaustion." Reedman v. Thomas, 305 F. App'x 544, 546 (11th Cir. 2008) (citing Rose v. Lundy, 455 U.S. 509, 519-20 (1982)). However, the exhaustion doctrine does not require a petitioner to seek collateral review in state courts of issues raised on direct appeal. Walker v. Zant, 693 F.2d 1087, 1088 (11th Cir. 1982). Moreover, in Georgia, a petitioner's "failure to apply for a certificate of probable cause to appeal the denial of his state habeas petition to the Georgia Supreme Court means that [the petitioner] has failed to exhaust all of his available state remedies." Pope v. Rich, 358 F.3d 852, 853 (11th Cir. 2004).

When a petitioner files a "mixed" petition, including both exhausted and unexhausted claims, a court has the option of issuing a stay and holding the petition in abeyance to allow the petitioner to return to the state court to exhaust his remedies as to the unexhausted claims. Rhines v. Weber, 544 U.S. 269, 275-77 (2005). However, the stay and abeyance procedure should only be used in limited circumstances when a court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Id. at 277. As explained in detail below, Petitioner has not presented any exhausted claims in the present petition. Therefore, the stay and abeyance procedure is inapplicable.

**B.     Petitioner Failed to Exhaust State Remedies.**

Petitioner does not contest his failure to exhaust state remedies. Indeed, he states throughout his petition that his current claims are pending before the state habeas court. Under the question on the petition asking if there are any pending petitions regarding the

judgment he is challenging in federal court, Petitioner responded affirmatively, listing the state habeas corpus proceeding he filed in December 2015 that raises the same four grounds for relief raised in the current federal petition. (Doc. no. 1, p. 12.)

Generally, as a matter of comity, the state courts must be afforded a fair opportunity to hear claims raised in a habeas corpus petition challenging custody resulting from a state court judgment. Picard v. Connor, 404 U.S. 270, 275 (1971). However, "[c]omity does not require that the federal courts decline to exercise jurisdiction in the face of allegations that the state courts have been presented with the merits of a claim for habeas corpus relief and have, for one reason or another, refused or been unable to act upon the claim." St. Jules v. Beto, 462 F.2d 1365, 1366 (5th Cir. 1972).[2]

In this regard, "[a] federal habeas petitioner need not wait until his state petitions for relief are exhausted, if the state court has unreasonably or without explanation failed to address petitions for relief." Hollis v. Davis, 941 F.2d 1471, 1475 (11th Cir. 1991); see also Reynolds v. Wainwright, 460 F.2d 1026, 1027 (5th Cir. 1972) (ruling that an inordinate delay can, under certain circumstances, excuse exhaustion). However, the Court must be mindful that "state courts are the principal forum for asserting constitutional challenges to state convictions." Harrington v. Richter, 562 U.S. 86, 103 (2011). Indeed, the exhaustion requirement ensures "that state proceedings are the central process, not just a preliminary step for a later federal habeas proceeding." Id.

---

[2] Under Bonner v. City of Prichard, the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions that were handed down prior to the close of business on September 30, 1981. 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*).

5

However, there is no indication of unreasonable delay or a refusal to address a claim such that this Court should disregard the exhaustion requirement. Petitioner filed his pending state habeas corpus case in December 2015, and he filed this federal petition just over one month later. Given the extremely short passage of time, the Court finds nothing in the record justifying deviation from the exhaustion requirement. In sum, Petitioner has not exhausted by giving the state courts "an opportunity to act on his claims *before* he presents those claims to a federal court in a habeas petition." O'Sullivan, 526 U.S. at 842 (emphasis added).

Because Petitioner's claims pending before the state habeas court are not properly before this Court, there is no need to address the timeliness of his federal claims. Of course, should Petitioner attempt to return to federal court after exhausting his state court remedies, his petition will again be reviewed under AEDPA's provisions, including the one-year statute of limitations. See 28 U.S.C. § 2244(d).

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Petitioner's motion to proceed IFP be **DENIED AS MOOT**, (doc. no. 2), that his petition be **DISMISSED** without prejudice, and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 11th day of February, 2016, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA